**Wayne NELSON, Appellant**

v.

**DISTRICT OF COLUMBIA, Appellee**

No. 15-7128
September Term, 2016
Consolidated with 15-7129, 15-7130, 15-7131, 15-7132, 15-7133

United States Court of Appeals, District of Columbia Circuit.

Filed On: January 24, 2017

Donna Williams Rucker, Principal Litigation Counsel, Rucker & Associates, PC, Donald M. Temple, Esquire, Attorney, Temple Law Office, Washington, DC, for Plaintiffs–Appellees.

Wayne Nelson, Pro Se.

Gerald Burton, Pro Se.

Loren L. AliKhan, Deputy Solicitor General, Holly Michelle Johnson, Assistant Attorney General, Todd Sunhwae Kim, Solicitor General, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendant–Appellee.

Before: Brown, Circuit Judge, and Edwards and Sentelle, Senior Circuit Judges.

## JUDGMENT

Per Curiam

These appeals were considered on the record from the United States District Court for the District of Columbia and were briefed and argued by the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. Cir. R. 36(d). It is

ORDERED AND ADJUDGED that, on the record presented, the district court judgment be affirmed. Appellants have called the Court's attention to troubling statistics regarding the discipline meted out to African-American employees of the District of Columbia Fire Department. A report produced at the request of the District of Columbia does indeed indicate African-American firefighters were disciplined at a rate several times that of their Caucasian colleagues during the period from 2005 through 2007, and Appellants contend this pattern has not ameliorated in subsequent years. They submit they themselves have fallen victim to disparate discipline due to

their race as well as other racially-discriminatory actions.

There is certainly smoke here, and there may even be fire. Nonetheless, for the reasons articulated by the district court, Appellants have failed to raise a genuine dispute of material fact regarding their individual disparate treatment claims. *See Walker v. Johnson*, 798 F.3d 1085, 1092 (D.C. Cir. 2015) (noting a plaintiff must "raise an inference strong enough to let a reasonable factfinder conclude that discrimination has occurred"). Accordingly, Appellants fall far short of establishing a policy and practice of intentional discrimination on the part of the District of Columbia, the sole Appellee. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). In affirming the district court's grant of summary judgment, the Court expresses no view as to the evidentiary *bona fides* of any future case examining this issue on a disparate impact theory of liability.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing *en banc. See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.